IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MELISSA WILSON )
)
v. ) NO. 3-14-1492
) JUDGE CAMPBELL
DARIN GORDON, et al. )

CLASS CERTIFICATION ORDER

Pending before the Court is the Plaintiffs' Motion for Class Certification (Docket No. 2). The Court held a hearing on Plaintiffs' Motion on August 29, 2014. Plaintiffs' Motion for Class Certification is GRANTED on the terms set forth herein.

INTRODUCTION

As explained in the Preliminary Injunction Order entered contemporaneously herewith, Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief against the Defendants, who are State of Tennessee officials, for alleged violations of federal law and the Due Process Clause of the Fourteenth Amendment. Plaintiffs' claims arise from the State's Medicaid program (TennCare) and the State's responsibilities in administering that program.

Plaintiffs ask the Court to certify a class consisting of "all individuals who have applied for TennCare on or after October 1, 2013, who have not received a final eligibility determination in a timely manner, and who have contacted the Tennessee Health Connection or its successor entity for assistance with that application." Docket No. 2.

CLASS CERTIFICATION

In order to certify a class, the Court must be satisfied that Plaintiffs have met the requirements of both Rule 23(a) and Rule 23(b) of the Federal Rules of Civil Procedure. Rule 23(a)

establishes four requirements for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of those of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Rule 23(b)(2), under which Plaintiff seeks certification, authorizes a class action if Rule 23(a) is satisfied and the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Fed. R. Civ. P. 23(b)(2).

A class action will be certified only if, after rigorous analysis, the Court is satisfied that the prerequisites of Rule 23(a) have been met and that the action falls within one of the categories under Rule 23(b). *Castillo v. Envoy Corp.*, 206 F.R.D. 464, 467-68 (M.D. Tenn. 2002). The decision whether to certify a class, committed to the sound discretion of the district judge, turns on the particular facts and circumstances of each individual case. *Ballan v. Upjohn Co.*, 159 F.R.D. 473, 479 (W.D. Mich. 1994).

<u>Numerosity</u>

The first requirement of Rule 23(a) is that the class be so numerous that joinder of all members is impracticable. The Sixth Circuit has held that courts must determine whether joinder of all members would be impracticable and, in so doing, there is no specific number below which class action relief is automatically precluded. *Staley v. Wilson County*, 2006 WL 2401083 at * 5 (M.D. Tenn. Aug. 18, 2006) (citing *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 (6th Cir. 1976)).

Defendants contend that Plaintiffs merely speculate that the number of potential Plaintiffs is significant. Defendants also argue that Plaintiffs have not sufficiently shown that it would be impracticable to join all parties.

Apart from class size, other case-specific factors that courts consider in determining whether joinder is impracticable include judicial economy, the geographical dispersion of class members, the ease of identifying putative class members, and the practicality with which individual putative class members could sue on their own. *Mays v. Tennessee Valley Authority*, 274 F.R.D. 614, 631 (E.D. Tenn. 2011).

The Court finds that, given the large numbers of persons applying for Medicaid in Tennessee, the geographic scope of the potential class, and the likely inability of the economically-disadvantaged potential class members to bring individual lawsuits, the element of numerosity is met in this case. The alleged problem is systemic and operational, so it potentially affects all Medicaid applicants.[1]

Commonality

The question of whether there are common issues of law or fact is qualitative rather than quantitative, and there need be only one single issue common to all members of the class in order to satisfy the requirement. *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996).

Plaintiffs posit that the common issues are: (1) whether Defendants have in place an effective process to ensure that class members' applications are adjudicated with reasonable promptness; (2)

---

[1] As part of their Reply, Plaintiffs have submitted the Declarations of other individuals whose Medicaid applications were pending for a period of five to nine months. Docket Nos. 66-69, 71-73.

whether Defendants have in place an effective process for class members to receive a fair hearing after their claim is not acted upon with reasonable promptness; (3) whether Defendants' failure to adjudicate the class members' applications within 45 or 90 days violates federal law; (4) whether Defendants' failure to have in place an effective process for class members to receive a fair hearing after their claims are not acted upon with reasonable promptness violates federal law; and (5) whether injunctive and declaratory relief are appropriate and, if so, the terms of any such relief.

Defendants argue that because of the term "reasonable promptness," the assessment of whether each purported class member received a timely adjudication must proceed case-by-case. What is "reasonable" in this case, however, is specifically defined by the regulations as 90 days for those who apply for Medicaid on the basis of disability and 45 days for all other applicants. 42 C.F.R. § 432.912(c)(3). Moreover, the class definition ordered by the Court, as set forth herein, includes the limitation that class members were denied the opportunity for a fair hearing. This hearing is for the purpose of determining the cause of the delay, not to appeal a denial of a claim. Plaintiffs correctly contend that, no matter what the reason for the delay, potential class members are entitled to a fair hearing after the 45 or 90 day time periods have run.

Thus, at a minimum, a common question exists as to whether the class members whose adjudication was delayed for 45 days (or 90 days for disability applicants) were provided an opportunity for a fair hearing. The Court finds that the Plaintiffs have satisfied the commonality requirement of Rule 23(a).

Typicality and Adequacy

The claims of the representative party must be typical of the claims of the class and the representative party must be able to fairly and adequately protect the interests of the class in order

4

to meet the requirements of Rule 23(a). In other words, there must be a nexus between the class representative's claims or defenses and the common questions of law or fact which unite the class. *Taylor v. Flagstar Bank*, 181 F.R.D. 509, 517 (M.D. Ala. 1998). A plaintiff's claim is typical if it arises from the same event or practice or course that gives rise to the claims of other class members or if it is based on the same legal theory. *Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 443 (S.D. Ohio 2009). The commonality and typicality requirements are closely related because they both help determine whether the claims of the named plaintiffs and those of the class are so interrelated that the interests of the absent class members will be protected. *Id*. at 444.

The Court finds that Plaintiffs' claims arise from the same practice and course of conduct that give rise to the claims of other potential class members and are, therefore, typical of the other purported class members as to that policy or practice. The declaratory and injunctive relief which Plaintiffs seek would apply to all Medicaid applicants - requiring Defendants to adjudicate applications within the 45 and 90 day time periods or, if the applications are delayed beyond these time periods, requiring Defendants to provide a fair hearing opportunity.

As to adequate representation, the class representatives must have common interests with unnamed members of the class and must be able to rigorously prosecute the interests of the class through qualified counsel. *Senter*, 532 F.2d at 525. Defendants argue that the claims of the named Plaintiffs have been satisfied (albeit *after* the class certification motion was filed) and, therefore, the named Plaintiffs no longer have common interests with the unnamed members of the class; in other words, the claims of the Plaintiffs are moot.

Plaintiffs contend that the claims presented herein are not moot because they are capable of repetition, yet evading review. One of the exceptions to the mootness doctrine is if the injury is

capable of repetition, yet evading review. *Ability Center of Greater Toledo v. Lumpkin*, 808 F.Supp.2d 1003, 1011 (N.D. Ohio 2011). Where class certification has been diligently pursued and Defendants have "picked off" the named Plaintiffs, there is a well-recognized exception to mootness. The Defendants cannot "opt out" of a class action lawsuit by simply providing relief to the named Plaintiffs. *Carroll v. United Compucred Collections, Inc.*, 399 F.3d 620, 625 (6th Cir. 2005).

The capable of repetition, yet evading review exception requires (1) the challenged action was in duration too short to be fully litigated before its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again. *Ability Center*, 808 F.Supp.2d at 1011-12. Here, both requirements have been met. The Defendants' actions to remedy the named Plaintiffs' claims caused the challenged actions and inactions, as they pertain to these specific Plaintiffs, to be too short in duration to be fully litigated.[2]

Moreover, there is a reasonable expectation, absent injunctive relief, that the same parties will be subjected to the same action or inaction again. Indeed, individuals receiving Medicaid coverage are subject to renewal and reverification of eligibility every 12 months.[3] 42 C.F.R. § 435.916. Thus, the named Plaintiffs have a personal stake in the outcome of the litigation.

In addition, the claims of the Plaintiffs and potential class members herein are "inherently transitory." The Supreme Court has said that the "inherently transitory" rationale was developed to address circumstances in which the challenged conduct was effectively unreviewable, because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course.

---

[2] These claims are by their very nature short in duration because the law requires the decisions to be made within 45 or 90 days.

[3] The State represented that it is currently unable to redetermine eligibility on an annual basis as required by the regulation.

*Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1531 (2013). Some claims are so inherently transitory that the trial court does not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires. *Gawry v. Countrywide Home Loans, Inc.*, 2010 WL 3245542 at ** 6 (6th Cir. Aug. 13, 2010) (citing *Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991)). In such cases, the relation back doctrine is properly invoked to preserve the merits of the case for judicial resolution. *Id*.

For these reasons and for purposes of class certification, to the extent the named Plaintiffs' claims are considered moot, they should be considered as an exception to the mootness doctrine and relate back to the filing of the Complaint. The Court finds that the typicality and adequate representation requirements have been met.

The Supreme Court case cited by Defendants, *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523 (2013), is distinguishable. That case was a Fair Labor Standards Act ("FLSA") case, and the Court expressly noted that Rule 23 actions are fundamentally different from FLSA collective actions. The plaintiff in *Genesis* had not moved for conditional certification when her claim became moot; Plaintiffs here filed their class certification motion before their claims allegedly became moot. Moreover, the defendant in *Genesis* made a Rule 68 offer of judgment in full satisfaction of the plaintiff's alleged damages, fees and costs. Here, the Plaintiffs seek injunctive relief, and no offer of judgment has been made. In addition, the Supreme Court found that because the plaintiff in *Genesis* was offered full and complete relief, she had no continuing interest which would preserve her suit from mootness. Here, the Plaintiffs must reapply for Medicaid benefits annually.

<u>Rule 23(b)(2)</u>

Plaintiffs assert that this class should be certified under Fed. R. Civ. P. 23(b)(2) because Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Plaintiffs seek declaratory and injunctive relief for the class as a whole.

Given that (1) Plaintiffs' claims arise from the same acts or refusals to act by Defendants; (2) the final declaratory and injunctive relief sought apply to the class as a whole, not individually; and (3) Plaintiffs' claim for injunctive relief predominates over any claim for damages, the Court finds that Plaintiffs have met the requirements of Rule 23(b)(2).[4]

Definition of the Class

The Court finds that the class definition proposed by Plaintiffs is not sufficiently concise. Accordingly, the Court will certify the following class:

> All individuals who have applied for Medicaid (TennCare) on or after October 1, 2013, who have not received a final eligibility determination in 45 days (or in the case of disability applicants, 90 days), and who have not been given the opportunity for a "fair hearing" by the State Defendants after these time periods have run.

Pursuant to Rule 23(b)(2), the Court "may" direct that appropriate notice be given to the class. In this case, the Court finds that no such notice is required.

CONCLUSION

For all these reasons, Plaintiffs' Motion for Class Certification (Docket No. 2) is GRANTED. Accordingly, in compliance with Fed. R. Civ. P. 23(b)(2), the Court certifies a class of all individuals who have applied for Medicaid (TennCare) on or after October 1, 2013, who have not received a final eligibility determination in 45 days (or in the case of disability applicants, 90

---

[4] Moreover, as noted above, Plaintiffs have now filed Declarations from other individuals who meet the definition of the class as stated below. Docket Nos. 66-69, 71-73.

days), and who have not been given the opportunity for a "fair hearing" by the State Defendants after these time periods have run.

In addition, the Court appoints the attorneys of record from the Tennessee Justice Center, the Southern Poverty Law Center and the National Health Law Program as class counsel.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE