IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF
TENNESSEE AT NASHVILLE

| | |
|---|---|
| MELISSA WILSON, et al., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WENDY LONG, M.D., et al.,<br><br>    Defendants. | Civil Action No. 3:14-CV-01492<br><br>Judge Campbell<br>Magistrate Judge Newbern |

**JOINT STATEMENT REGARDING DISCOVERY DISPUTE**

Pursuant to Local Rule 37.01(a), the Parties respectfully submit this Joint Statement of the matters at issue in their discovery dispute. On October 19, 2016, Plaintiffs served on Defendants a Second Set of Interrogatories, a Second Request for Admissions, and a Fourth Requests for Production. On November 18, 2016, Defendants served Plaintiffs with responses and objections to each set of discovery requests. The parties have resolved several general disputes about Plaintiffs' discovery requests and Defendants' responses, but continue to have specific disputes regarding multiple individual discovery requests and responses.[1]

    **I.**    **Request for Admission No. 2-17/Request for Production No. 4-17**

The parties' dispute as to these corresponding Requests for Admission and Production concerns whether Plaintiffs' Requests are within the scope of the litigation and/or designed to lead to the discovery of relevant information. In Plaintiffs' Request for Admission No. 2-17, Plaintiffs

---

[1] The parties also had a dispute regarding Plaintiffs' Interrogatory No. 2-1, which requested that Defendants identify former employees who occupied certain positions related to the processing of TennCare applications, but the parties believe they have resolved this dispute. This Interrogatory is the subject of Plaintiffs' unopposed Motion for Protective Order filed on January 5, 2017. (Doc. No. 194.)

1

requested that Defendants admit the following:

> RFA 2-17. When a determination is made that an applicant is eligible to be enrolled in TennCare, the State does not systematically review records of applications received by fax or mail by DHS or TNHC to ensure that the effective date of coverage matches the date of DHS's or TNHC's receipt of the application.

In Plaintiffs' Request for Production No. 4-17, Plaintiffs requested:

> RFP 4-17. If you denied Plaintiffs' Request for Admission 2-17, please produce all documents on which you rely to support your denial, including all documents that reflect the state's policy to ensure that the effective date of coverage matches the date of receipt of the application by DHS or TNHC, and that prescribe how and by whom the policy is implemented.
>
> Defendants declined to respond to Plaintiffs' Request for Admission No. 2-17, stating their

objections as follows:

> **OBJECTIONS AND RESPONSE:** The State reiterates and incorporates by reference each of its General Objections as if it is specifically set forth below. The State further objects to this Request for Admission as not relevant, or likely to lead to the discovery of information relevant to any claim in this case and therefore objectionably overbroad and outside the scope of permissible discovery. Effective dates of coverage and how they are determined are outside the scope of this litigation. Plaintiffs' Complaint challenged the State's alleged failure to comply with laws Plaintiffs contend "require the Defendants to afford individuals an opportunity to apply for Medicaid without delay, to process their applications within prescribed time limits, and to afford an administrative appeal, or 'fair hearing,' to anyone whose application has been delayed or denied." Pls.' Mem. in Supp. of Their Motion to Clarify the Prelim. Inj. Order (D.E. 136) at 2. Plaintiffs' complaint did not mention, much less challenge, issues related to the effective dates of coverage for individuals who have already received a final eligibility determination. This Request for Admission is also not relevant to the Plaintiff Class as certified by the Court. The Court limited the Class to individuals who have applied, but not yet been determined eligible, for Medicaid. Specifically, the Court defined the Class to include only individuals "who have not received a final eligibility determination in 45 days (or in the case of disability applicants, 90 days), and who have not been given the opportunity for a 'fair hearing' by the State Defendants after these time periods have run." D.E. 90 at 8. By definition, issues related to effective dates of coverage affect only individuals outside the Plaintiff Class definition and outside the scope of this litigation because such issues arise only if the individual already received a final eligibility determination. Based on these objections, the State will not respond to this Request for Admission.

Defendants declined to respond to Plaintiffs' Request for Production No. 4-17, incorporating by

reference their objections to Request for Admission No. 2-17, "including but not limited to the

2

objection that this Request is outside the scope of this litigation and not designed to lead to the discovery of relevant information."

### II. Request for Admission Nos. 2-19, 2-21, 2-22, 2-23/Request for Production Nos. 4-19, 4-21, 4-22, 4-23

The parties' dispute as to each of these corresponding Requests for Admission and Production concerns whether Plaintiffs' Requests are within the scope of the litigation and/or designed to lead to the discovery of relevant information. In Plaintiffs' Request for Admission Nos. 2-19, 2-21, 2-22, and 2-23, Plaintiffs requested that Defendants admit the following:

> RFA 2-19. When requesting proof of a person's income for purposes of determining her TennCare eligibility, the State routinely requests that the person submit documentation for eight (8) contiguous weeks' worth of income.
>
> RFA 2-21. When the State requests that an applicant submit information or documentation related to her TennCare eligibility, the State does not routinely inform the applicant that she may obtain additional time to fulfill the request, or that the State may accept less than all of the material requested.
>
> RFA 2-22. When the State requests that an applicant submit information or documentation related to her TennCare eligibility, the State does not routinely inform the applicant how she may obtain assistance in fulfilling the request.
>
> RFA 2-23. TennCare eligibility is determined based on an applicant's household income in the month of application.

In Plaintiffs' Request for Production Nos. 4-19, 4-21, 4-22, and 4-23, Plaintiffs requested that, if Defendants denied the corresponding Request for Admission, Defendants "produce the documents on which you rely to support your denial, …"

Defendants declined to respond to Plaintiffs' Request for Admission Nos. 2-19, 2-21, 2-22, and 2-23, stating the following objection, among others, to each request:

> The State further objects to this Request for Admission as not relevant, or likely to lead to the discovery of information relevant to any claim in this case and therefore objectionably overbroad and outside the scope of permissible discovery. How the State makes substantive eligibility determinations, as opposed to the timeliness of those decisions, is outside the scope of this litigation. Plaintiffs' Complaint challenged the

3

State's alleged failure to comply with laws Plaintiffs contend "require the Defendants to afford individuals an opportunity to apply for Medicaid without delay, to process their applications within prescribed time limits, and to afford an administrative appeal, or 'fair hearing,' to anyone whose application has been delayed or denied." Pls.' Mem. in Supp. of Their Motion to Clarify the Prelim. Inj. Order (D.E. 136) at 2. Plaintiffs' complaint did not mention, much less challenge, the State's procedures for requesting and determining income. This Request for Admission, to the extent it is addressing how the State makes substantive eligibility determinations, is also not relevant to the Plaintiff Class as certified by the Court. The Court defined the Class to include only individuals "who have not received a final eligibility determination in 45 days (or in the case of disability applicants, 90 days), and who have not been given the opportunity for a 'fair hearing' by the State Defendants after these time periods have run." D.E. 90 at 8. Further, in the Class Certification Order, the Court made clear that substantive eligibility determinations and how those were made are not relevant. D.E. 90 at 8 ("the class definition ordered by the Court . . . includes the limitation that class members were denied the opportunity for a fair hearing. This hearing is for the purpose of determining the cause of the delay, not to appeal a denial of a claim."). Based on these objections, the State will not respond to this Request for Admission.

Defendants declined to respond to Plaintiffs' Request for Production Nos. 4-19, 4-21, 4-22, and 4-23, incorporating by reference their objections to Request for Admission corresponding to the Request for Production, "including but not limited to the objection that this Request is outside the scope of this litigation and not designed to lead to the discovery of relevant information."

### III. Request for Admission No. 2-24/Request for Production No. 4-24

The parties' dispute as to these corresponding Requests for Admission and Production concerns whether Plaintiffs' Requests are relevant to the litigation or likely to lead to the discovery of relevant information. In Plaintiffs' Request for Admission Nos. 2-24, Plaintiffs requested that Defendants admit the following:

RFA 2-24. TennCare was not providing any applicants with delayed applications with fair hearings, or a process to request a fair hearing, before the Preliminary Injunction Order (Doc. 91) was entered in September 2014.

In Plaintiffs' Request for Production Nos. 4-24, Plaintiffs requested that, if Defendants denied Request for Admission No. 2-24, Defendants "produce the documents on which you rely to support your denial, …"

4

Defendants declined to respond to Request for Admission No. 2-24, stating their objections as follows:

> **OBJECTIONS AND RESPONSE:** The State reiterates and incorporates by reference each of its General Objections as if it is specifically set forth below. The State also objects to this Request for Admission as irrelevant and not likely to lead to the discovery of relevant information given that Plaintiffs are seeking prospective relief and thus the pertinent issue is whether applicants currently are provided with fair hearing or a process to request a fair hearing if they have a delayed application. Based on these objections, the State will not respond to this Request for Admission.

Defendants declined to respond to Plaintiffs' Request for Production No. 4-24, incorporating by reference their objections to Request for Admission No. 2-24.

### IV.     Request for Production No. 4-33

The parties' dispute as to this Request for production concerns the relevance of Plaintiffs' request and the burden on the Defendants of producing responsive documents. In Plaintiffs' Request for Production No. 4-32, Plaintiffs requested:

> RFP 4-33. Please produce all records, including communications, running records, orders and audio recordings, that pertain to the case of any class member did not receive a hearing for any reason, including but not limited to lack of a valid factual dispute or failure to respond to a State request for information or documents. This request does not include any appeals in which, within seven days of filing the delay appeal, the appellant was enrolled in TennCare or notified that she had been found to be ineligible for TennCare.

Defendants objected and responded to Request for Production No. 4-33 as follows:

> **OBJECTIONS AND RESPONSE:** The State reiterates and incorporates by reference each of its General Objections as if it is specifically set forth below. The State further objects to this Request as vague and ambiguously worded. The State also objects to this Request as overly broad and unduly burdensome. The State does not specifically track delayed application appeals closed within seven days of the filing of the delayed application appeal. Given the number of delayed application appeal requests the State has received and the numerous reasons those appeals may be closed more than seven days from when the appeal was filed without the case going to hearing, including but not limited to a finding that the appellant was eligible for TennCare or a finding that the appellant was not eligible for TennCare thus mooting the need for a hearing, this Request is potentially seeking records on thousands of cases. Further, the State has produced to

5

Plaintiffs Comprehensive Inventory Reports that can be used to identify specific cases, the reasons why individual cases were closed, and the outcomes of the appeals.

Subject to and without waiving these objections, because there are no current class members because any TennCare applicant whose application has been delayed more than 45 days (90 days in the case of disability applications) without a final eligibility determination has the opportunity to request a fair hearing, the State does not have any responsive documents.

* * *

The Parties certify that they have conferred in good faith to resolve the above discovery dispute by letter from Plaintiffs' counsel to Defendants' counsel dated December 2, 2016, and by telephone conference on December 15, 2016. Despite these efforts, the Parties have been unable to resolve their discovery disputes.

DATED: January 6, 2017.                    Respectfully submitted,

/s/Christopher E. Coleman
Christopher E. Coleman
*On Behalf of Counsel for Plaintiffs*

Michele Johnson TN BPR 16756
Gordon Bonnyman, Jr. TN BPR 2419
Christopher E. Coleman  TN BPR 24950
TENNESSEE JUSTICE CENTER
301 Charlotte Avenue
Nashville, Tennessee 37201
Telephone: (615) 255-0331
Fax:  (615) 255-0354
mjohnson@tnjustice.org
gbonnyman@tnjustice.org
ccoleman@tnjustice.org

Sara Zampierin*
Samuel Brooke*
Micah West*
Emily C.R. Early
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, Alabama  36104
Telephone:  (334) 956-8200
Fax:  (334) 956-8481

6

sara.zampierin@splcenter.org
samuel.brooke@splcenter.org
micah.west@splcenter.org
emily.early@splcenter.org

Jane Perkins*
Elizabeth Edwards*
NATIONAL HEALTH LAW PROGRAM
101 E. Weaver St., Suite G-7
Carrboro, NC  27510
Telephone: (919) 968-6308
Fax: (919) 968-8855
perkins@healthlaw.org
edwards@healthlaw.org

**Attorneys for Plaintiffs**

* *Admitted Pro Hac Vice*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this day a true and correct copy of the foregoing has been filed with the Court through the CM/ECF filing system, and that by virtue of this filing notice will be sent electronically to all counsel of record, who are listed below:

    Michael W. Kirk
    Nicole J. Moss
    COOPER & KIRK, PLLC
    1523 New Hampshire Avenue, NW
    Washington, D.C. 20036

    Linda A. Ross
    Carolyn E. Reed
    Office of the Attorney General
    P.O. Box 20207
    Nashville, TN 37202

Dated: January 6, 2017.                                       /s/Christopher Coleman