IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MELISSA WILSON, et al., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>DARIN GORDON, et al.,<br><br>    Defendants. | Civil Action No. 3:14-CV-01492<br><br>Judge Sharp<br>Magistrate Judge Newbern |

**[PROPOSED]**

**PROTECTIVE ORDER**

Fed. R. Civ. P. 26(c)

THIS MATTER comes before the Court pursuant to an unopposed motion by the Plaintiffs for a Protective Order. The Court having considered the Motion and other matters of record herein, and it appearing to the Court and the Court finding that given the nature of the issues in dispute in this matter, discovery will require Defendants to disclose contact information for current and former employees of the State of Tennessee deemed confidential and protected by TENN. CODE ANN. §10-7-504(f); it further appearing to the Court that the interests of justice require that any such confidential and protected information regarding current and former state employees which may be produced during discovery or otherwise disclosed or used during the course of this action be protected and that all applicable privacy rules regarding confidential information required by applicable State law be observed and enforced; and it further appearing to the Court and the Court finding that it is in the public interest to allow the release and exchange of this information in this litigation, that the need for disclosure outweighs any

individuals' privacy rights, and that protections afforded to current and former state employees under this order are adequate to guard the confidentiality of this information.

IT IS, THEREFORE, ORDERED with the consent of the parties that a Protective Order be entered for the purposes of assuring the confidentiality of all confidential and protected information which may be disclosed by the parties by consent, in response to discovery, in response to orders of the court, in conjunction with the filing of any motion or response thereto, or otherwise during the hearing of this matter as follows:

1. As used in this Protective Order, the term "Confidential Information" includes all documents disclosed which contain home telephone numbers, personal cell phone numbers, or any residential information, including the street address, city, state, and zip code, for any current or former employee of the State of Tennessee or any department, division, or agency thereof.

2. If any documents or information exchanged by the parties through formal discovery or other voluntary exchange of information contains Confidential Information as defined in paragraph 1, above, the Court finds this exchange of information is being done pursuant to TENN. CODE ANN. §10-7-504(f)(3), which allows access to confidential information otherwise protected from disclosure "by … courts, or other governmental agencies performing official functions," and is therefore fully compliant with Defendants' obligations under state law.

3. "Confidential Information" that is disclosed shall be used by the party or counsel for the party only for purposes of this action, including investigation, testimony, briefs, memoranda of law or other filings in connection with this action provided that all such briefs, memoranda or other filings containing Confidential Information shall be marked "Confidential" pursuant to this order.

4. Access to, or use of, any documents and information which are protected by this Order shall be limited to the parties of record hereto and to counsel of record for the parties, including associates and staff, personnel and witnesses of the parties whose review and knowledge is necessary to prepare the case for motions, trial or appeal, to any person from whom testimony is taken in this action except that such person shall previously agree to be bound by this Order and such testimony shall be protected by this Order, and to officers and officials of this Court including judges, clerks and court reporters.

5. If any person not already bound by law and/or position to maintain confidentiality of such information is given access to Confidential Information, counsel who wishes to provide the information to said person shall first inform such person of this Order and require such person to acknowledge that he or she understands the terms of this Order and agrees to abide by them. In the case of a witness at trial, it shall be sufficient for the witness to acknowledge the order on the record. It shall not be necessary to repeat the process each time the witness is shown additional confidential documents.

6. Each person given access to Confidential Information pursuant to this Order shall keep such material strictly secure and shall refrain from disclosing in any manner any information except as provided by this Order.

7. Upon conclusion of this action, including all appeals, the provisions of this Order shall continue to be binding upon all persons entitled to access under the terms of this Order. Within sixty (60) days of the conclusion of this action, all documents containing Confidential Information subject to this Order and all notes, summaries, copies and extracts from such documents shall be returned to the producing party or such confidential and protected material

shall be certified as having been destroyed by the party in receipt thereof and such certificate shall be provided to the producing party or counsel.

8. Nothing in this Order shall preclude the parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of the documents and information. Nothing in this Order shall limit a party or its counsel from use as otherwise allowed by law of its own documents or information or any documents or information obtained outside this action.

9. To the extent that Confidential Information is contained in or attached to materials filed with this court or a reviewing court, such materials shall be either redacted or filed under [with an accompanying motion to file] seal and maintained in a secure location. No one other than those authorized by this Order shall have access to such sealed materials. [Whether a document may be filed under seal will be determined by the Court. Any motion to file a document under seal must argue that seal is appropriate under the standard established in Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299 (6th Cir. 2016).]

10. Parties shall attempt informally to resolve disputes regarding the confidentiality of information pursuant to this Order, and if informal resolution is not obtained, shall apply to the undersigned or other appropriate judicial officer for a ruling on the dispute. Confidentiality shall be maintained until the dispute is resolved.

11. At any time prior to a final decision, any party may file a request to exempt specific documents from this Order. Documents shall be kept confidential until such time as a ruling is obtained on the request for exemption.

12. A breach of the provisions of this Order shall be subject to sanctions, in the discretion of the Judge or other appropriate judicial official as authorized by any statute, rule or inherent power retained or provided by law.

13. The provisions of this Order shall survive and remain in full force and effect after the entry of a final disposition (including any appellate proceedings) in this matter, whether by

settlement or litigation. This court or any other appropriate court of law retains jurisdiction both before and after the entry of final disposition of this matter (whether by settlement or litigation) to construe, enforce and amend the provisions of this Order.

SO ORDERED AND SIGNED this 6th day of January, 2017.

ALISTAIR E. NEWBERN
UNITED STATES MAGISTRATE JUDGE