IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| MELISSA WILSON, et al., individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WENDY LONG, et al.,<br><br>    Defendants. | Civil Action No. 3:14-CV-01492<br><br>Judge Collier<br>Magistrate Judge Newbern |

### JOINT STATEMENT REGARDING RE-SETTING OF TRIAL DATE

Pursuant to the instructions of Judge Newbern during a telephonic case conference held on March 16, 2017, the parties respectfully submit this joint statement regarding the re-setting of the trial date in this matter.

The Parties have conferred regarding the dates the Court has indicated are currently available for the re-setting of the trial in this matter and of the dates available the Parties' preference is to re-set the trial to commence on **December 12, 2017**. Counsel has pre-existing conflicts on the other proposed start dates of August 15, 2017 and October 10, 2017.

With a proposed trial date of December 12, 2017, the Parties propose the following dispositive motion deadlines:

a. Additional dispositive motions must be filed by **August 4, 2017**;

b. Responses are due by **August 25, 2017**;

c. Replies are due by **September 8, 2017.**

The Parties' proposal to re-set the trial date to December 12, 2017 notwithstanding, the Parties respectfully expand on their positions as follows:

1

The Parties jointly renew their request as set forth in the Joint Motion filed on February 15, 2017, D.E. 200, to set a date for oral argument on the State's Motion to Decertify the Class and Dismiss the Case, D.E. 164, (hereinafter "Motion to Decertify and Dismiss"), and to resolve the Plaintiffs' Renewed Second Motion to Compel, D.E. 187 (hereinafter "Motion to Compel") as promptly as is practicable.

The Parties further state their respective views on how the case should proceed as it relates to resolution of the Motion to Decertify and Dismiss and Motion to Compel, as follows:

**Plaintiffs** take the view that, if at all possible, the trial date of December 12 and dispositive motion deadline of August 4 should be maintained, but that they may need to be altered if the Court is unable to resolve the Motion to Compel in sufficient time to permit any potential outstanding discovery to be completed in advance of these dates. Plaintiffs thus seek to reserve the right to file a renewed request to adjust these dates if the Motion to Compel is not resolved (including any Motion to Review filed pursuant to Local Rule 72.2) 28 days before the current dispositve motion deadline of August 4, 2017. Plaintiffs further take the view that they would welcome a ruling on the Motion to Decertify and Dismiss as promptly as is practicable, but they do not believe it is necessary to further adjust the dispostive motion and trial dates if the Motion to Dissolve and Dismiss is not fully resolved by August 4, 2017, except that if the Magistrate Judge were to recommend that the Court rule in Defendants' favor on the Motion to Decertify and Dismiss prior to August 4, 2017, Plaintiffs would agree to stay dispositve motion briefing and a trial until such time as any potential objections filed by Plaintiffs were resolved by the Court.

**Defendants** take the view that if a trial in this matter is ultimately necessary that as Plaintiffs have indicated, if at all possible, the trial date of December 12 and additional dispositive motion deadline of August 4 should be maintained.  It is Defendants' position, however, that proceeding to additional dispositive motion briefing and trial should only occur if the Motion to Decertify and Dismiss is not granted by the Magistrate or by the District Court following any Motion to Review filed pursuant to Local Rule 72.2.  To proceed to additional dispositive motion briefing and trial without a final ruling from the Court would be inefficient, unnecessarily burdensome, and expensive.  Defendants thus seek to reserve the right to file a renewed request to adjust these dates if the Motion to Decertify and Dismiss is not resolved (including any Motion to Review filed pursuant to Local Rule 72.2) 28 days before the current dispositve motion deadline of August 4, 2017.

| | |
|---|---|
| March 23, 2017 | Respectfully submitted, |
| Herbert H. Slatery III<br>Attorney General and Reporter | /s/ Michael W. Kirk<br>Michael W. Kirk<br>Nicole J. Moss |
| Linda A. Ross, TN BPR #4161<br>Senior Deputy Attorney General<br>Carolyn E. Reed, TN BPR #022248<br>Senior Counsel<br>Matthew A. Schultz, TN BPR #034563<br>Assistant Attorney General | COOPER & KIRK, PLLC<br>1523 New Hampshire Avenue, NW<br>Washington, D.C. 20036<br>(202) 220-9600<br><br>mkirk@cooperkirk.com |
| OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 20207<br>Nashville, TN  37202<br>(615) 741-1771 | |

*Counsel for the Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been filed with the Court through the CM/ECF filing system, and that by virtue of this filing notice will be sent electronically to all counsel of record, this 23rd day of March, 2017.

/s/ Nicole Jo Moss
Nicole Jo Moss