IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MELISSA WILSON, et al., individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | NO. 3:14-cv-01492 |
| v. | ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE |
| WENDY LONG, et al., | ) ) | NEWBERN |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Decertify the Class and Dismiss the Case. (Doc. No. 164). Defendants' motion has been briefed extensively by both parties, and the Magistrate Judge held a hearing on the motion on April 27, 2017. For the reasons discussed below, Defendants' motion is **DENIED**.

### I.   BACKGROUND

Plaintiffs brought this action under 42 U.S.C. § 1983 seeking declaratory and injunctive relief against Defendants, alleging: (1) Defendants unreasonably delayed adjudication of their applications for medical assistance through Medicaid (TennCare); and (2) failed to provide fair hearings on the delayed adjudications. (Doc. No. 4). In conjunction with their Complaint, Plaintiffs asked the Court to preliminarily enjoin Defendants from (1) continuing to deny their obligations under federal law to provide an adjudication of TennCare claims with "reasonable promptness," pursuant to 42 U.S.C. § 1396a(a)(8); and (2) refusing to provide fair hearings on the delayed adjudications, as required by 42 U.S.C. § 1396a(a)(3). (Doc. No. 4).

On September 2, 2014, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), the Court certified the following class of individuals:

> All individuals who have applied for Medicaid (TennCare) on or after October 1, 2013, who have not received a final eligibility determination in 45 days (or in the case of disability applicants, 90 days), and who have not been given the opportunity for a "fair hearing" by the State Defendants after these time periods have run.

(Doc. No. 90). Additionally, the Court entered a preliminary injunction, requiring Defendants to provide class members with a fair hearing on any delayed applications. (Doc. No. 91). Defendants appealed the preliminary injunction order, and the Sixth Circuit affirmed. *See Wilson v. Gordon*, 822 F.3d 934 (6th Cir. 2016).

Defendants filed the instant Motion to Decertify the Class and Dismiss the Case on September 16, 2016. Defendants argue the process employed by Defendants and the Federal Centers for Medicare and Medicaid Services ("CMS") for adjudicating TennCare applications has changed dramatically since the Court certified the class in September 2014. (Doc. No. 165). Because of these changes, Defendants argue, Plaintiffs' class no longer has any members, and any claim TennCare applicants may have today bears no resemblance to the claims asserted by the named Plaintiffs in September 2014. (*Id.*). Accordingly, Defendants argue the class must be decertified because it no longer satisfies the numerosity requirement of Rule 23(a)(1) or the typicality requirement of Rule 23(a)(3). (*Id.*).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 23 provides that an order granting or denying class certification may be altered or amended before final judgment. Fed. R. Civ. P. 23(c)(1). A district court has the discretion, and the obligation, to reevaluate a class ruling as the case develops, and remains free to modify the class at any time prior to final judgment. *In re Polyurethane Foam Antitrust Litigation*, 2015 WL 4459636, at *1 (N.D. Ohio July 21, 2015). See *General Tel. Co. of SW v. Falcon,* 457 U.S. 147, 160 (1982) ("Even after a [class] certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation."); *McNamara*

*v. Felderhof,* 410 F.3d 277, 280 n.8 (5th Cir. 2005) ("[A] trial court overseeing a class action retains the ability to monitor the appropriateness of class certification throughout the proceedings and to modify or decertify a class at any time before final judgment.").

Still, "decertification is a 'drastic step,' not to be taken lightly." *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 302 F.R.D. 448, 459 (N.D. Ohio 2014). Thus, prior to decertification, a district court "must consider all options available to render the case manageable." *Id.* (quoting *Chisolm v. TranSouth Fin. Corp.,* 194 F.R.D. 538, 554 (E.D.Va.2000)). "Once a class is certified, the parties can be expected to rely on it and conduct discovery, prepare for trial, and engage in settlement discussions on the assumption that in the normal course of events it will not be altered except for good cause." *In re Polyurethane Foam Antitrust Litigation*, 2015 WL 4459636, at *2 (quoting *Cook v. Rockwell Int'l Corp.*, 181 F.R.D. 473, 477 (D. Colo. 1998)). "Sometimes, however, developments in the litigation, such as the discovery of new facts or changes in parties or in the substantive or procedural law, will necessitate reconsideration of the earlier order and the granting or denial of certification or redefinition of the class." *Id.*

## III.   ANALYSIS

### A.   Numerosity

A plaintiff's class satisfies the numerosity requirement if the class is so numerous that joinder of all members is impracticable, though there is no specific number below which class action relief is automatically precluded. *Staley v. Wilson County*, 2006 WL 2401083 at *5 (M.D. Tenn. Aug. 18, 2006). Apart from class size, other factors courts consider include judicial economy, the geographical dispersion of class members, the ease of identifying putative class members, and the practicality with which individual class members could sue on their own. *Mays v. Tennessee Valley Authority*, 274 F.R.D. 614, 631 (E.D. Tenn. 2011).

3

Defendants argue Plaintiffs' class no longer satisfies the numerosity requirement of Rule 23(a)(1) because the class has no members. (Doc. No. 165). When the Court certified the class, it found the "alleged problem [with delays in adjudicating TennCare applications] is systemic and operational, so it potentially affects all Medicaid applicants." (Doc. No. 90). Defendants contend that today, the "systemic and operational" problems the Court referenced have been resolved by the implementation of a CMS Approved Mitigation Plan. As a result, every Medicaid applicant either "receive[s] a final eligibility determination in 45 days (or in the case of disability applicants, 90 days)" or is "given the opportunity for a 'fair hearing' by the State Defendants after these time periods have run." (Doc. No 165). Thus, Defendants argue there are no longer any individuals that satisfy the class definition, and a class with no members cannot satisfy the numerosity requirement of Rule 23.

In response, Plaintiffs argue that as long as there are individuals whose applications are delayed beyond the 45 or 90 day period and those individuals do not immediately receive the opportunity for a fair hearing, they become a member of the class until their claim is adjudicated. (Doc. No. 171). Plaintiffs state that the requirement for an individual to be given the opportunity for a fair hearing cannot be satisfied simply by pointing to a generally available process set up for applicants to request such hearings. Thus, Plaintiffs contend that class members exist when their applications have been pending 45 or 90 days without a decision, and they remain members until a fair hearing is conducted or their application is actually adjudicated.

The Court agrees with Plaintiffs' interpretation of the class certification. An individual who has applied for Medicaid and who has not received a final eligibility determination in 45 or 90 days satisfies the definition of a class member until that individual has a fair hearing or receives a final eligibility determination. Because Plaintiffs have pointed to evidence that some Medicaid applications continue to be delayed, and because Defendants have not provided evidence that

4

individuals with delayed applications are immediately provided with a fair hearing or a final eligibility determination, members of the class necessarily exist. Accordingly, the Court finds the numerosity requirement of Rule 23 continues to be satisfied.

**B.     Typicality**

A plaintiff's claim is typical if it arises from the same event or practice or course that gives rise to the claims of other class members or if it is based on the same legal theory. *Ross v. Abercrombie & Fitch Co.*, 257 F.R.D. 435, 443 (S.D. Ohio 2009). There must be a nexus between the class representative's claims or defenses and the common questions of law or fact which unite the class. *Taylor v. Flagstar Bank*, 181 F.R.D. 509, 517 (M.D. Ala. 1998).

Defendants argue Plaintiffs' class no longer satisfies the typicality requirement of Rule 23(a)(3) because any claims current Medicaid applicants may have do not arise from the same practice or course of conduct that gave rise to Plaintiffs' claims in September 2014. (Doc. No. 165). Defendants argue the "practice and course of conduct" that gave rise to Plaintiffs' claims and supported the Court's class certification no longer exists because CMS now provides the State with information concerning "pended" applications on a routine basis and the State adjudicates them. (*Id.*). Additionally, Defendants state that applicants today are afforded access to an administrative appeal system that provides a fair hearing to applicants whose Medicaid applications were not adjudicated timely. (*Id.*).

In response, Plaintiffs argue the Court certified the class based on the fact TennCare applications were being delayed, not on any argument regarding the cause of those delays being TennCare's inconsistent information from CMS. (Doc. No. 171). Plaintiffs contend the Court did not rely on TennCare's allegedly inconsistent information from CMS when certifying the class. (*Id.*). Additionally, Plaintiffs state that any action Defendants have taken to provide Plaintiffs with a fair hearing is pursuant to the preliminary injunction order mandating such action. (*Id.*).

5

The Court finds the typicality requirement of Rule 23 continues to be satisfied. When certifying the class, the Court found the declaratory and injunctive relief Plaintiffs sought "would apply to *all Medicaid applicants* – requiring Defendants to adjudicate applications within the 45 and 90 day time periods or, if the applications are delayed beyond these time periods, requiring Defendants to provide a fair hearing opportunity." (Doc. No. 90) (emphasis added). The Court certified a class of "[a]ll individuals who have applied for Medicaid (TennCare)" and who have not received a fair hearing on their delayed application. (*Id.*). The certification did not specify that it applied only to individuals whose claims involved CMS. While Defendants' representation that it has resolved its communication issues with CMS is certainly positive news, Defendants have not presented evidence showing that all delays with Medicaid applications have been resolved. Accordingly, the Court finds the named Plaintiffs' claims continue to arise from the same practice or course that gives rise to the claims of other class members.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Decertify the Class and Dismiss the Case. The class definition (Doc. No. 90) remains unchanged, and the preliminary injunction (Doc. No. 91) remains in effect. The case remains set for a bench trial on October 9, 2018, and absent extraordinary circumstances, no continuances will be granted.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE